## MOORE v. STATE OF INDIANA.

[No. 1069S229. Filed October 2, 1970. No petition for rehearing filed.]

*Don R. Money,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction in the Marion Criminal Court, Division Two, of the crime of robbery as defined in Acts 1941, ch. 148, § 6, Burns Ind. Stat. Ann. § 10-4101. Appellant waived trial by jury and this cause was submitted to trial by court. The appellant was adjudged guilty as charged in the affidavit.

Appellant filed a Motion for New Trial which alleged that the finding of the trial court (1) was not sustained by sufficient evidence; (2) was contrary to law. This Motion for New Trial was overruled and the appellant brings this appeal.

The appellant challenges the sufficiency of the evidence. In reviewing the allegation of insufficient evidence this court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

A summary of the evidence most favorable to the state is taken from the testimony of the two prosecuting witnesses. Mr. Herod Rains, a pharmacist, testified that on the night of the robbery, August 30, 1968, he was employed at the Hosier Pharmacy on Allisonville Road in Indianapolis, Indiana. He testified that the appellant and another man entered this store, walked down an aisle, ducked into an opening in the aisle, at which time one man produced a sawed-off shot gun announcing that this was a holdup. While the man with the shot gun remained in the back of the store with the witness, the appellant went to the front of the store and took the money from the front cash register. Appellant then returned to the back of the store with the store's clerk, the only other person in the store at that time. Appellant and the other man then forced Mr. Rains and the store clerk out the back door, on to the grass, where they took Mr. Rain's car keys and his automobile. The testimony of the store clerk, corroborated that of the witness Rains. Both witnesses identified the appellant in the court room as one of the men who perpetrated the robbery. Mr. Hosier, the owner of the pharmacy, testified

that approximately one thousand six hundred and fifty dollars in money and narcotics was taken.

In challenging the sufficiency of this evidence the appellant's sole contention is that the identification of the appellant by the two witnesses is untrustworthy in that at the time of the robbery neither witness had sufficient time for observation of the appellant. This contention is wholly without merit. The first witness, Mr. Rains, testified that he observed the appellant briefly when he entered the store and again for approximately two to three minutes when appellant returned to the back of the store with the clerk. The store clerk testified that she observed the appellant the whole time he was in the store, approximately five to ten minutes. Both witnesses gave unequivocal, positive identifications of the appellant as having participated in the robbery of the store.

The testimony here is sufficiently clear and convincing to justify the finding of guilty beyond a reasonable doubt.

Judgment affirmed.

Hunter, C.J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 511.